UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALAN COOKE, GAGE T. COOKE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>TERRY LILES, an individual, MURL HARPMAN, an individual, MARVIN KIRKPATRICK, an individual, MICHAEL MEDLIN, an individual, CITY OF EUREKA POLICE DEPARTMENT; COUNTY OF HUMBOLDT; PAUL GALLEGOS, an individual; HUMBOLDT COUNTY SHERIFF'S OFFICE; various DOE defendants, inclusive,<br><br>　　　　Defendants. | Case No: C 12-1844 SBA<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>Docket 3, 20, 24, 25, 26 |

　　The instant pro se action arises from the death of Zachary Cooke ("Decedent"), who was shot and killed on January 4, 2007 by Eureka Police Department ("EPD") Officer Terry Liles. The Decedent's father, Alan Cooke, and brother, Gage Cook, bring the instant wrongful death and survival action pursuant to 42 U.S.C. § 1983 against various Defendants allegedly involved in the incident and subsequent alleged cover-up. Plaintiffs seek leave to in forma pauperis ("IFP") and also have filed a motion for disqualification. In accordance with the IFP statute, the Court screens Plaintiffs' Complaint to determine whether to order service on the Defendants. See 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court grants Plaintiffs IFP status, but dismisses the action, with partial leave to amend, due to various infirmities in their Complaint. The Court denies Plaintiffs' motion for disqualification.

I.     **BACKGROUND**

The following facts are taken from Plaintiffs' pro se Complaint, which the Court liberally construes. Dkt. 1. On January 4, 2007, the Decedent and a companion, Jared Aubrey ("Aubrey"), were hiding from law enforcement authorities in an abandoned house in Eureka, California. Compl. ¶¶ 1. 19. At that time, law enforcement personnel were pursuing the Decedent based upon the belief that he had shot at a Sheriff's deputy in December 2006. Id. ¶ 18. At 10:00 a.m., Officer Liles along with Defendants Steve Watson ("Watson"), Marvin Kirkpatrick ("Kirkpatrick"), Michael Medlin ("Medlin") and Mike Hislop ("Hislop"), entered the vacant house in plain clothes, without announcing their presence. Id. ¶ 20.[1] The officers opened the door to the room where the Decedent was located and fired a "flash bang" device. Id. Officer Liles recognized the Decedent and immediately shot and killed him at point blank range. Id.

After the incident, Defendants allegedly conspired to prepare false reports and falsify evidence, claiming that the Decedent had fired a shotgun at them. Id. ¶ 3. Humboldt County District Attorney Paul Gallegos ("Gallegos") later appeared at the scene and also allegedly falsified evidence for a "cover-up." Id. ¶¶ 3, 23, 24. In particular, Gallegos allegedly issued a report corroborating Liles' claim that he shot the Decedent while he was lying on the floor, even though an autopsy report stated that the Decedent was shot from below. Id. ¶ 21. In addition, Plaintiffs assert that Gallegos withheld physical evidence and the statement of the Decedent's companion which allegedly would have shown that the Decedent did not threaten or use force against any of the officers. Id. ¶¶ 23-24.

---

[1] Although Medlin is identified as an agent with the Bureau of Alcohol, Tobacco and Firearms, the affiliation of Watson, Kirkpatrick and Hislop is not alleged in the pleadings. See Compl. ¶ 13.

On April 12, 2012, Plaintiffs filed the instant action in this Court. Dkt. 1.[2] The Complaint alleges five causes of action: (1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments and state law; (2) municipal liability; (3) wrongful death; (4) violation of California's Bane Act; and (5) negligence. The Court now reviews Plaintiffs' allegations to determine whether they state a claim for relief.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri, 901 F.2d at 699. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). If the complaint is dismissed, plaintiff

---

[2] The action was initially assigned to Magistrate Judge Nandor Vadas, but was later reassigned to Judge Edwin Chen. Dkt. 6. This Court deemed the action related to an earlier action, Case No. C 08-0016 SBA, and the action was reassigned on July 25, 2012. Dkt. 13. The instant action arises from the same events that formed the basis of Case No. C 08-0016 SBA, which was dismissed for lack of subject matter jurisdiction on November 6, 2008.

generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  See Cato v. United States, 70 F.3d. 1103, 1106 (9th Cir. 1995).

### B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

## III. DISCUSSION

### A. PROPER PARTIES

Plaintiffs have named nine party-defendants in this action:  Officers Liles, Watson, Kirkpatrick, Medlin and Hislop are alleged to have been present and involved in the events leading to the Decedent's death on January 7, 2007; Gallegos, the District Attorney for Humboldt County, purportedly conspired to "cover up" the officers' alleged misconduct; and Murl Harpham ("Harpham"), Chief of the EPD, is named based on his supervisorial authority; and finally, the EPD and Humboldt County Sheriff's Office are named as parties based on an alleged policy, custom or practice of permitting excessive force to be used by its officers.

#### *a) Liles, Watson, Kirkpatrick, Medlin and Hislop*

"Liability under section 1983 arises only upon a showing of personal participation by the defendant."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was *personally involved* in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added).  The Complaint alleges that Defendant Liles shot and killed the Decedent, without justification.  Compl. ¶ 20.  As to Defendants Watson, Kirkpatrick, Medlin and Hislop, each is alleged to have been involved in and used force during the raid

on the house where the Decedent was hiding.  Id. ¶¶ 2, 20.  Although these Defendants are not alleged to have killed the Decedent, Plaintiffs' allegations, liberally construed, are sufficient to demonstrate that they potentially were "integral participants" in the constitutional deprivation.  See Boyd v. Benton Cnty., 374 F.3d 773, 780 (9th Cir. 2004).  The allegations of the Complaint sufficiently identify the involvement of these Defendants for purposes of section 1983 liability.

### b)     Gallegos

A prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the State's case is absolutely immune from a suit for damages under 42 U.S.C. § 1983.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976).  However, where a prosecutor is not acting as "'an officer of the court,' but is instead engag[ing] in other ... investigative or administrative tasks," he has no absolute immunity.  Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009) (quoting Imbler, 424 U.S. at 431.  Rather, in that instance, the prosecutor is entitled only to qualified immunity.  Lacey v. Maricopa Cnty., 649 F.3d 1118, 1127 (9th Cir. 2011) ("A prosecutor is granted only qualified immunity, however, if he or she is performing investigatory or administrative functions, or is essentially functioning as a police officer or detective.") (internal quotations omitted).

Plaintiffs allege that Gallegos, while in his role as the Humboldt County District Attorney, attempted to "cover up" the officers' misconduct.  Compl. ¶ 21.  As support for this claim, Plaintiffs allege that Gallegos issued a report agreeing with Liles' account that the Decedent was shot from above.  Compl. ¶ 21.  Plaintiffs claim that Gallegos' conclusion is contradicted by the Decedent's autopsy report, which stated that he was shot from below.  Id.  Plaintiffs further assert that Gallegos "refused to release" any physical evidence, which would have shown that the Decedent did not fire a gun, as Liles had reported.  Id. ¶¶ 22-23.  Gallegos also allegedly withheld the statement of the Decedent's companion which would allegedly have exonerated the Decedent of wrongdoing.  Id.

1       It is unclear from the Complaint whether Gallegos engaged in the aforementioned
2  conduct in connection with his role as an advocate or as an investigator.  Nonetheless, the
3  Court must construe these allegations in a light most favorable to Plaintiffs, and therefore,
4  presume at this juncture that they pertain to Gallegos' investigative activities.  Moreover,
5  the determination of whether Gallegos is entitled to the shelter of any immunities is better
6  decided at a later stage of the proceedings after the factual record in this action has been
7  developed.  See Donahoe v. Arpaio, 869 F. Supp. 2d 1020, 1059 (D. Ariz. 2012).  The
8  Court therefore finds that Plaintiffs have alleged sufficient facts as to Gallegos for purposes
9  of § 1983.

          *c)*      *Harpham*

11      Plaintiffs have named EPD Chief Harpham based on his role as a supervisor.
12  Supervisory liability may be imposed in an individual capacity only when the supervisor
13  participated in or directed the violations, or knew of the violations of subordinates and
14  failed to act to prevent them.  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).
15  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any
16  theory of vicarious liability.  A supervisor may be liable if there exists either (1) his or her
17  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
18  between the supervisor's wrongful conduct and the constitutional violation."  Hansen v.
19  Black, 885 F.2d 642, 645-46 (9th Cir. 1989).
20      The Complaint alleges that Harpham had the authority to enforce the rules and
21  policies of the EPD.  Compl. ¶ 12.  However, there are no allegations showing that
22  Harpham was personally involved in the alleged constitutional deprivation or that there is
23  any causal connection between his actions and such deprivation.  Hansen, 885 F.2d at 645-
24  46.  Accordingly, Harpham is DISMISSED from the action with leave to amend to allege
25  facts sufficient to state a claim for supervisory liability against him.

          *d)*      ***EPD and Humboldt County Sheriff's Office***

27      Plaintiffs allege municipal liability claims against EPD and the Humboldt County
28  Sheriff's Office.  A government entity may be held liable under 42 U.S.C. § 1983 if a

"policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)).

Neither the EPD nor the Humboldt County Sheriff's Office is a proper party in this case. Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983. Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995). Accordingly, EPD and the Humboldt County Sheriff's Office are DISMISSED from the action with leave to amend to name the proper municipal entity or entities.

The Court now turns to the sufficiency of the allegations comprising Plaintiffs' five causes of action.

### B. LEGAL CLAIMS

#### 1. Excessive Force

Plaintiffs' first cause of action, which is alleged against all Defendants, alleges a violation of the Decedent's constitutional protections against unreasonable seizure and cruel and unusual punishment. The Court liberally construes Plaintiffs' claim as one for excessive force. Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures. See Graham v. Connor, 490 U.S. 386, 394 (1989). "[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. Under Graham, the reasonableness of the officer's conduct is based on consideration of three factors: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the police or others, and (3) whether the suspect is fleeing or resisting arrest. Brooks v. City of Seattle, 599 F.3d 1018, 1025 (9th Cir. 2010). In considering an excessive force claim, the court is to balance "the nature and quality of

the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396; Lolli v. Cnty. of Orange, 351 F.3d 410, 415 (9th Cir. 2003).

"'Fourth Amendment rights are personal rights which … may not be vicariously asserted.'" United States v. Struckman, 603 F.3d 731, 746 (9th Cir. 2010) (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorize[] a survival of action." Moreland, 159 F.3d at 369. California law provides that a survival action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal.Code Civ.Proc. § 377.30. "'Personal representative' means executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Probate Code] Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob.Code § 58(a). The term "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11.

The Complaint does not indicate whether the Decedent (who was 18 years-old when he died) had a will or died intestate (i.e., without a will). If he died intestate, the "beneficiary of the decedent's estate" means "the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code …." Id. § 377.10. These sections of the California Probate Code, which set forth the state's rules for intestate succession, provide, in substance, that separate property is distributed first to the surviving spouse or domestic partner, or among the spouse and specified family members; the share not going to a surviving spouse passes first to surviving issue; but if there is no surviving

issue, the share passes to the decedent's parent or parents equally.  Cal. Prob. Code §§ 6401, 6402.

Here, both Plaintiffs—the Decedent's father and his brother—purport to bring a survival claim for excessive force.  However, to establish standing to bring such a claim, Plaintiffs must first allege facts establishing that they are either the Decedent's personal representative or his successor-in-interest.  Since no facts are alleged in that regard, Plaintiffs have failed to demonstrate that they have standing to bring a survival claim.  Accordingly, Plaintiffs' first cause of action for excessive force is DISMISSED WITH LEAVE TO AMEND to allege facts establishing standing.

### 2. <u>Municipal Liabilty</u>

Plaintiffs' second cause of action alleges a claim of municipal liability against the EPD and the Humboldt County Sheriff's Department.  Compl. ¶ 29.  A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity is shown to be a moving force behind a violation of constitutional rights.  <u>Monell</u>, 436 U.S. at 694.  In order to establish municipal liability under <u>Monell</u>, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  <u>Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill</u>, 130 F.3d 432, 438 (9th Cir.1997) (internal quotation marks and citation omitted; alterations in original).

Setting aside that Plaintiffs have failed to name any proper parties in the municipal liability claim, such claim merely identifies the policy at issue as one that impermissibly allows the EPD and the Humboldt County Sheriff's Office to use excessive and deadly force against women and children.  Compl. ¶ 29.  Such allegations are too vague to state a claim under <u>Monell</u>.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 680-81 (requiring specific allegations regarding the policy at issue in a civil rights case).  Accordingly, Plaintiffs' second claim for municipal liability is DISMISSED WITH LEAVE TO AMEND against a proper municipal

entity or entities.  The EPD and the Humboldt County Sheriff's Office shall not be named in the amended complaint.

### 3. Wrongful Death

Plaintiffs' third cause of action is for wrongful death, and is alleged against all Defendants.  Separate from a survival action, a family member may bring a state law wrongful death claim to recover damages based on *their own injuries* resulting from a decedent's death.  Cal. Code Civ. Proc. § 377.60; see Ruiz v. Podolsky, 50 Cal.4th 838, 858 (2010).[3]

Standing to sue for wrongful death is governed by California Code of Civil Procedure § 377.60, and the category of persons eligible to bring wrongful death actions is strictly construed.  Cal.Code Civ. Pro. § 377.60; Steed v. Imperial Airlines, 12 Cal.3d 115, 119-20 (1974).  A plaintiff who brings a wrongful death suit as an heir must establish the absence of issue by the decedent and the entitlement or propriety of the heir to seek recovery under § 377.60, i.e. that the heir actually has standing under § 377.60.  See Nelson v. County of Los Angeles, 113 Cal.App.4th 783, 789 (2004) ("We agree with the County that a wrongful death plaintiff must plead and prove standing").  In relevant part, § 377.60 states:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), *if they were dependent on the decedent*, the putative spouse, children of the putative spouse, stepchildren, or *parents*….

---

[3] A survivor may seek recovery for both survival and wrongful death claims in the same action.  See id. § 377.62(a) ("An action under Section 377.30 may be joined with an action under Section 377.60 arising out of the same wrongful act or neglect.").

1  (Emphasis added).

2  Section 377.60(a) affords standing to those persons entitled to the decedent's
3  property through intestate succession, but only if there is no surviving issue of the decedent.
4  See Cal.Prob.Code § 6402(b); Chavez v. Carpenter, 91 Cal.App.4th 1433, 1445 (2001).  If
5  the decedent has children, "his parents would not be his heirs at all … and therefore not
6  entitled to maintain this [wrongful death] action at all."  Chavez, 91 Cal.App.4th at 1440
7  (internal quotation marks and citations omitted).  Here, the Complaint is silent as to
8  whether the Decedent had any issue.  As such, it is unclear whether Plaintiff Alan Cooke is
9  an heir under subdivision (a) of § 377.60.  Likewise, Plaintiffs have not alleged any facts
10 showing that Plaintiff Alan Cooke was financially dependent upon the Decedent for
11 purposes of subdivision (b).  Id. at 1445 ("parents may sue for the wrongful death of their
12 child 'if they were dependent on the decedent.'") (quoting Cal.Code.Civ.P. § 377.60(b)).

13 Plaintiffs also have failed to allege facts sufficient to establish standing for Plaintiff
14 Gage Cooke, the Decedent's brother.  A sibling is barred from bringing a wrongful death
15 action, unless the decedent has no surviving issue or parents.  Cal.Code Civ. Proc.
16 § 377.60(a); Cal. Prob.Code § 6402(c).  Since the Decedent has a surviving parent, Plaintiff
17 Gage Cook lacks standing to maintain a wrongful death claim.  See Scott v. Thompson, 184
18 Cal.App.4th 1506, 1510 (2010) ("California's wrongful death statute vests priority and
19 exclusive standing in a decedent's surviving parent over a surviving sibling.").

20 For the above reasons, Plaintiffs' claim for wrongful death is DISMISSED WITH
21 LEAVE TO AMEND as to Plaintiff Alan Cooke, and is DISMISSED WITHOUT LEAVE
22 TO AMEND as to Plaintiff Gage Cooke.

23 **4.    Bane Act**

24 Plaintiffs' fourth cause of action alleges that all Defendants violated the Bane Act,
25 California Civil Code section 52.1, which is an anti-hate crime statute.  See In re Joshua H.,
26 13 Cal.App.4th 1734, 1748 n.9 (1993).  The Bane Act "provides that a person may bring a
27 cause of action 'in his or her own name and on his or her own behalf' against anyone who
28 'interferes by threats, intimidation or coercion,' with the exercise or enjoyment of any

1 constitutional or statutory right." Bay Area Rapid Transit Dist. v. Superior Court, 38
2 Cal.App.4th 141, 144 (1995) (quoting Cal. Civ.Code § 52.1). "The essence of a Bane Act
3 claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or
4 coercion'), tried to or did prevent the plaintiff from doing something he or she had the right
5 to do under the law or to force the plaintiff to do something that he or she was not required
6 to do under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal.App. 4th 860, 883
7 (2007). A claim under the Bane Act may be brought as a survival claim. See Medrano v.
8 Kern County Sheriff's Officer, --- F. Supp. 2d ---, 2013 WL 433119, at *4 (E.D. Cal., Feb.
9 1, 2013).

10       The elements of a cause of action under the Bane Act are as follows: (1) that the
11 defendant interfered with or attempted to interfere with the plaintiff's constitutional or
12 statutory right by threatening or committing violent acts; (2) that the plaintiff reasonably
13 believed that if he exercised her constitutional right the defendant would commit violence
14 against her or her property; (3) that the defendant injured the plaintiff or his property to
15 prevent him from exercising his constitutional right or retaliated against the plaintiff for
16 having exercised his constitutional right; (4) that the plaintiff was harmed; and (5) that the
17 defendant's conduct was a substantial factor in causing the plaintiff's harm. Austin B. v.
18 Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 882 (2007) (citing Judicial Council of
19 California Civil Jury Instructions No. 3025). Critical to a Bane Act cause of action is the
20 allegation that the defendant specifically used threats, intimidation, or coercion. Id. at 883.

21       Liberally construed, the Complaint alleges conduct cognizable under the Bane Act
22 as to Defendants Liles, Watson, Kirkpatrick, Medlin and Hislop, all of whom are alleged to
23 have been involved in the encounter that led to the Decedent's death. However, there are
24 no allegations that Defendants Gallegos or Harpham used any threats, intimidation or
25 coercion directed at the Decedent.

26       Although Plaintiffs have alleged sufficient facts to state claim under the Bane Act as
27 to certain Defendants, Plaintiffs have not alleged sufficient facts to establish their standing
28 to do so. As noted, Plaintiffs have not shown that they have survival standing, which is a

prerequisite to proceeding on their Bane Act claim. Therefore, this claim is DISMISSED WITH LEAVE TO AMEND, for the reasons set forth above.

### 5. Negligence

Plaintiffs' fifth and final claim is for negligence, which is alleged against all Defendants. Compl. ¶ 33.[4] As set forth above, Plaintiffs have failed to demonstrate that they have standing to pursue survival and/or wrongful death damages in this action. Thus, Plaintiffs' fifth claim for negligence is DISMISSED WITH LEAVE TO AMEND.

### C. PLAINTIFFS' MOTION FOR DISQUALIFICATION

Plaintiffs have filed a cursory, one-page motion to disqualify the undersigned. Title 28, United States Code, section 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In analyzing a § 455(a) disqualification motion, the test is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks omitted). Disqualification is also authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further . . . ." Under both statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). The decision on a motion to disqualify a judge is a matter of the district court's discretion. Id.

---

[4] "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Under California law, police officers have a duty to avoid using excessive force. Munoz v. City of Union City, 120 Cal.App.4th 1077, 1101 (2004). Whether an officer breached such duty is analyzed under the reasonableness standard of the Fourth Amendment. Hernandez v. City of Pomona, 46 Cal.4th 501, 513 (2009).

In their motion, Plaintiffs request that the undersigned be removed from this action for reasons they have "already enumerated." Mot. at 1, Dkt. 25. However, the Court is unaware of any prior motion for recusal or the "already enumerated" reasons to which he is referring. "[M]ere conclusory allegations ... are insufficient to support a claim of bias or prejudice such that recusal is required." United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). To the extent that Plaintiffs are predicating their motion on the fact that the Court dismissed their earlier action, it is well settled that an adverse ruling, standing alone, is an insufficient basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Plaintiffs' motion for disqualification is DENIED.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' request to proceed IFP is GRANTED.

2. The Complaint is DISMISSED with partial leave to amend, as set forth above. Within thirty (30) days from the date of this Order, Plaintiff shall file an amended complaint to correct the pleading deficiencies set forth above. Failure to file an amended complaint within the specified time-frame will result in the dismissal of the action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiffs' motion for disqualification is DENIED.

4. This Order terminates Docket 3, 20, 24, 25, 26.

IT IS SO ORDERED.

Dated: March 21, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALAN A. COOKE et al,

    Plaintiff,

v.

TERRY LILES et al,

    Defendant.

Case Number: CV12-01844 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan A. Cooke
1114 Curtis St.
Burlington, WA 98233

Gage T. Cooke
1114 Curtis St.
Burlington, WA 98233

Dated: March 25, 2013

    Richard W. Wieking, Clerk

    By: Lisa Clark, Deputy Clerk