1
2
3
4
5          UNITED STATES DISTRICT COURT
6      FOR THE NORTHERN DISTRICT OF CALIFORNIA
7              OAKLAND DIVISION
8

9   ALAN COOKE, GAGE T. COOKE,            Case No:  C 12-1844 SBA

10          Plaintiffs,                   **ORDER DENYING PLAINTIFF'S**
                                          **REQUEST TO FILE LATE APPEAL**
11          vs.                           **AND DENYING LEAVE TO**
                                          **PROCEED IN FORMA PAUPERIS**
12   TERRY LILES, an individual, MURL     **ON APPEAL**
     HARPMAN, an individual, MARVIN
13   KIRKPATRICK, an individual, MICHAEL  Docket 32
     MEDLIN, an individual, CITY OF EUREKA
14   POLICE DEPARTMENT; COUNTY OF
     HUMBOLDT; PAUL GALLEGOS, an
15   individual; HUMBOLDT COUNTY
     SHERIFF'S OFFICE; various DOE
16   defendants, inclusive,

17          Defendants.

18

19

20          The instant pro se action arises from the death of Zachary Cooke ("Decedent"), who

21   was shot and killed on January 4, 2007 by Eureka Police Department Officer Terry Liles.

22   On March 25, 2013, the Court, pursuant to 28 U.S.C. § 1915(e)(2), prescreened the

23   Complaint filed by the Decedent's father, Alan Cooke, and the Decedent's brother, Gage T.

24   Cooke.  The Court dismissed the claims alleged in the Complaint with leave to amend, and

25   denied Plaintiffs' motion for recusal.  3/25/13 Order at 14, Dkt. 30.  The Court instructed

26   Plaintiffs to file their Amended Complaint by no later than April 24, 2013, and expressly

27   warned that the "[f]ailure to file an amended complaint within the specified time-frame will

28

result in the dismissal of the action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b)." Id.

To date, Plaintiffs have not filed their Amended Complaint. However, on April 15, 2013, Plaintiff Alan Cooke individually filed a Notice of Appeal from the Court's March 25 Order. Dkt. 31. He simultaneously filed an "Ex Parte Motion of Allen Anthony Cooke for Leave to File Late Appeal Rule 4(a)(5)." Dkt. 32. In his accompanying declaration, Plaintiff Alan Cooke claims that he has been "in and out of Humboldt County Jail since the court entered its judgment," and therefore, he requires additional time to appeal. Cooke Decl. ¶¶ 3-4, Dkt. 33.

Under Federal Rule of Appellate Procedure 4(a), a notice of appeal must be filed within thirty days after "entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The notice of appeal was filed less than thirty days after the Court issued its March 25 ruling. Therefore, no extension of time is necessary. Accordingly, Plaintiff's motion to file a late appeal is DENIED as moot.

The Court next addresses whether Plaintiff may proceed in forma pauperis ("IFP") on appeal. Federal Rule of Appellate Procedure 24(a)(3)(A) states:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

A notice of appeal taken from an order that is not immediately appealable is not in good faith. Javor v. Brown, 295 F.2d 60, 61 (9th Cir. 1961) ("If it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith.") (citing 28 U.S.C. § 1915(a)). Here, no final judgment

1   has been entered, and the rulings set forth in the Court's March 25 Order are not

2   immediately appealable.  See WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1135-37 (9th Cir.

3   1997) (holding that an order of dismissal with leave to amend is not a final, appealable

4   order) (en banc); In re Cement Antitrust Litig., 673 F.2d 1020, 1022-24 (9th Cir. 1982)

5   (holding that a motion to recuse is not a final appealable order).[1]

6        Finally, the Court notes that the deadline for Plaintiffs to file their Amended

7   Complaint has lapsed.  In view of the Court's express warning that the failure to timely

8   amend would result in the dismissal of the action, the Court is well within its discretion to

9   terminate the action at this juncture.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

10  1992).  Nonetheless, in consideration of less drastic alternatives to dismissal, the Court sua

11  sponte grants Plaintiffs additional time to file their Amended Complaint.  Plaintiffs are

12  again warned that the failure to file an Amended Complaint within the specified time-frame

13  will result in the dismissal of the action with prejudice.  See Al-Torki v. Kaempen, 78 F.3d

14  1381, 1385 (9th Cir. 1996) (noting that under Rule 41(b), the district court has the

15  discretion to dismiss an action with prejudice for failure to prosecute).  Accordingly,

16        IT IS HEREBY ORDERED THAT:

17        1.    Plaintiff's Ex Parte Motion of Allen Anthony Cooke for Leave to File Late

18  Appeal Rule 4(a)(5) is DENIED.

19        2.    The Court certifies under 28 U.S.C. § 1915(a)(3) that Plaintiff Alan Cooke's

20  appeal from the Court's March 25, 2013 Order is not taken in good faith, and leave to

21  proceed IFP on appeal is DENIED.

22        3.    Plaintiffs shall have until May 10, 2013 to file their Amended Complaint.

23  Plaintiffs are warned that the failure to file an Amended Complaint within the specified

24

25

26        [1] The substantive basis for the Court's rulings in its March 25 Order is based on well
     settled law.  As such, Plaintiff Alan Cooke has no non-frivolous basis for his appeal.  See
27  Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221,
     1225 (9th Cir. 1984).

28

time-frame will result in the dismissal of the action with prejudice, without further notice, pursuant to Federal Rule of Civil Procedure 41(b).

      4.      Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is directed to provide notice of this order to the Ninth Circuit Court of Appeals and the parties.

      5.      This Order terminates Docket 32.

      IT IS SO ORDERED.

Dated: April 26, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge