UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALAN COOKE, GAGE T. COOKE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>TERRY LILES, an individual, MURL HARPMAN, an individual, MARVIN KIRKPATRICK, an individual, MICHAEL MEDLIN, an individual, CITY OF EUREKA POLICE DEPARTMENT; COUNTY OF HUMBOLDT; PAUL GALLEGOS, an individual; HUMBOLDT COUNTY SHERIFF'S OFFICE; various DOE defendants, inclusive,<br><br>　　　　Defendants. | Case No:  C 12-1844 SBA<br><br>**ORDER DISMISSING ACTION** |

　　　The instant pro se action arises from the death of Zachary Cooke ("Decedent"), who was shot and killed on January 4, 2007 by Eureka Police Department Officer Terry Liles. On March 25, 2013, the Court, pursuant to 28 U.S.C. § 1915(e)(2), prescreened the Complaint filed by the Decedent's father, Alan Cooke, and the Decedent's brother, Gage T. Cooke.  The Court dismissed the claims alleged in the Complaint with leave to amend, and denied Plaintiffs' motion for recusal.  Dkt. 30.  The Court instructed Plaintiffs to file their Amended Complaint by no later than April 24, 2013, and expressly warned that the "[f]ailure to file an amended complaint within the specified time-frame will result in the

dismissal of the action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b)." Id. at 14.

Plaintiffs did not file an Amended Complaint, as instructed. Instead, on April 15, 2013, Plaintiff Alan Cooke individually filed a Notice of Appeal from the Court's Order dismissing the Complaint. Dkt. 31. The Ninth Circuit subsequently dismissed the appeal for lack of jurisdiction.

On April 26, 2013, the Court issued an Order in which it noted that the deadline for Plaintiffs to file their Amended Complaint had lapsed and that the Court was within its discretion to dismiss the action. However, in consideration of less drastic alternatives to dismissal, the Court sua sponte granted Plaintiffs additional time to file their Amended Complaint, as follows:

> Plaintiffs shall have until May 10, 2013 to file their Amended Complaint. <u>Plaintiffs are warned that the failure to file an Amended Complaint within the specified time-frame will result in the dismissal of the action with prejudice, without further notice, pursuant to Federal Rule of Civil Procedure 41(b)</u>.

Id. at 3-4 (emphasis added). To date, Plaintiffs have not filed an Amended Complaint or otherwise communicated with the Court.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true here, where Plaintiffs have repeatedly failed to comply with the Court's deadlines to file an Amended Complaint, which, in turn, has interfered with the Court's ability to enter a pretrial schedule and set a trial date.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiffs have offered no explanation for their failure to respond nor is any apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). (per curiam).

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. In its March 25 Order dismissing Plaintiffs' claims, the Court warned Plaintiffs that the failure to timely amend would be deemed grounds for dismissal under Rule 41(b). When Plaintiffs failed to timely amend, rather than dismissing the action, the Court sua sponte granted Plaintiffs an extension of time to amend—and again warned that the failure to do so would result in the dismissal of the action, *with* prejudice. "[A] district court's

1 warning to a party that failure to obey the court's order will result in dismissal can satisfy
2 the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.
3      The final factor, which favors disposition of cases on the merits, by definition,
4 weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
5 cases on the merits. Thus, this factor weighs against dismissal.").
6      In sum, the Court concludes that four of the five relevant factors weigh strongly in
7 favor of granting dismissing the action. Id. (affirming dismissal where three factors
8 favored dismissal, while two factors weighed against dismissal). Accordingly,
9      IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice
10 for failure to prosecute, pursuant to Rule 41(b).
11      IT IS SO ORDERED.
12 Dated: July 12, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3  UNITED STATES DISTRICT COURT
   FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA
5
6  ALAN A. COOKE et al,
7            Plaintiff,
8    v.
9  TERRY LILES et al,
10           Defendant.
11  _____/
12
                                          Case Number: CV12-01844 SBA
13
                                          **CERTIFICATE OF SERVICE**
14
15
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
16 Court, Northern District of California.

17 That on July 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
18 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
19 located in the Clerk's office.

20
21
   Alan A. Cooke
22 1513 Antone
23 Arcata, CA 95521

24 Gage T. Cooke
   1114 Curtis St.
25 Burlington, WA 98233

26
   Dated: July 12, 2013
27                                          Richard W. Wieking, Clerk
28
                                                  By: Lisa Clark, Deputy Clerk

- 5 -